Charles Chambers, as the guardian of the defendant, Benjamin C. Williams, exhibited his petition in the Court of Equity for Moore County, praying for the sale of certain land therein described, belonging to his said ward, and, for the reasons set forth therein, a decree was had at _________ term of said court ordering a sale of the said land at public auction by the clerk and master of the court. A sale was duly made by him, and a tract called the Perkins tract was purchased by the defendant Murchison. A report was made by the master, and confirmed by the court, and the master directed to make a conveyance to the purchaser, which he did. Murchison sold and conveyed for a valuable consideration to the plaintiff's father, who took possession and devised the land to the plaintiff. Subsequently, the defendant Williams, upon arriving at 21, brought an action of ejectment against the plaintiff, and the bill is filed to enjoin his recovery upon the ground that the deed of conveyance from the clerk and master to Murchison is defective and does not convey the legal title to him, and it also prays a decree against the defendants for a conveyance in fee of the land so purchased.
Murchison's answer admits the allegations of the bill and (236) submits to any decree that may be made by this Court. No answer has been filed by Williams, and, as to him, the bill is taken proconfesso and the cause set for hearing.
A motion is made, on the part of the defendant Williams, to dismiss the bill on the ground that it is so defectively drawn that no relief can be granted under it. It is alleged that in the stating part of the bill everything should be set forth which is essential to the granting the relief asked for, and that nowhere is it sufficiently stated that Benjamin M. Williams, the father of the defendant Benjamin C. Williams, is dead or that the latter is the heir or devisee of the former. To the plaintiff's equity, it is perfectly immaterial how the defendant Williams claims the land. It was sold under a decree of the Court of Equity of Moore County as the property of the defendant, upon the petition of his *Page 154 
guardian, and he cannot be permitted to disturb the possession of the purchaser in the way he has attempted it. The plaintiff's equity consists in this: that under the sale made by the master the purchaser Murchison acquired no legal title to the land, it being a mere covenant to make title, and consequently the legal title is still in the defendant Williams. The object of the court of equity was to sell the fee simple in the land. The deed made by the master is so defective that it does not convey the legal estate, and the defendant has brought an action of ejectment to turn the plaintiff out of possession. All these facts are admitted by the defendant Williams. He has filed no answer, and the bill, as to him, is by order of the Court taken pro confesso. Such an order dispenses with any proof on the hearing, or rather puts the case into a position in which there is no opportunity to get proof, exclusive of the bill.Attorney-General v. Carver, 34 N.C. 235. The plaintiff has a clear right to the interference of the Court. He is a purchaser under a decree, and the Court is bound to enforce its decrees and to protect those who act under its orders.